IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3193-FL

| | | |
|---|---|---|
| DONALD EUGENE STILES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NURSE COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motions to appoint counsel (DE 3, 5), motion "for relief and medical malpractice," which the court construes as a motion to amend (DE 6), "motion to win judgment," which the court construes as a motion for entry of default (DE 13), motion to amend (DE 14), motions for a temporary restraining order (DE 16, 17), and "motion for judgment on the pleadings," which the court construes as a second motion for entry of default (DE 18). The issues raised are ripe for adjudication.

A.   Motions to Amend

Plaintiff filed two motions to amend his complaint. The court ALLOWS plaintiff's first motion to amend. See Fed. R. Civ. P. 15(a); Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013). As explained in more detail below, plaintiff's filings are unclear and the court directs that he particularize his action. Thus, plaintiff's second motion to amend is DENIED as FUTILE.

B.      Motions for Entry of Default

Plaintiff moves for an entry of default in this action as to defendant Nurse Collins. Defendant Nurse Collins has not yet been served with the summons and complaint in this action. See 28 U.S.C. § 1915. Accordingly, Nurse Collins' response to the complaint is not yet due, and plaintiff's motions for entry of default are DENIED.

C.      Motions for a Temporary Restraining Order

Plaintiff, in his motions for injunctive relief, primarily seeks a court order directing the North Carolina Department of Public Safety ("DPS") to place him in a facility separate from defendant Nurse Collins. The court construes plaintiff's motions for injunctive relief as a requests for a temporary restraining order.[1]  See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. In fact, plaintiff has notified the court that Nurse Collins no longer is employed by DPS. See (DE 19). As a result, Nurse Collins no longer poses any threat to plaintiff. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motions for a temporary restraining order are DENIED.

D.  Motions to Appoint Counsel

The court now turns to plaintiff's motions to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel are DENIED.

E.  Frivolity Review

The court now conducts a frivolity review of plaintiff's pleadings. Plaintiff's complaint and amended pleadings are unclear and he must particularize his allegations. Specifically, plaintiff must name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendant with the alleged conduct which resulted in the alleged constitutional violation. Moreover, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Further, the court notifies plaintiff that his amended complaint will be considered his complaint in its entirely, and the court will not review plaintiff's other filings to glean any misplaced claims.

In sum, plaintiff must file his particularized complaint as directed above within fourteen (14) days of this court's order. The Clerk is DIRECTED to send plaintiff the form for filing a § 1983 action. Failure to respond to this court's order will result in dismissal of this action without prejudice. Plaintiff's motions to appoint counsel (DE 3, 5), motions for entry of default (DE 13, 18), and motions for temporary restraining order (DE 16, 17) are DENIED. Finally, plaintiff's first motion to amend (DE 6) is GRANTED and second motion to amend (DE 14) is DENIED as futile.

SO ORDERED, this the 22nd day of December, 2014.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge